ORIGINAL

Geoffrey M. Davis (CA Bar No. 214692)
geoff.davis@klgates.com
K&L Gates LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

Attorney for Plaintiff

FILED

NOV 16 2016

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ENIGMA SOFTWARE GROUP USA, LLC,    CV 16 80 243 MISC

                    Plaintiff,

        v.

BLEEPING COMPUTER LLC and
DOES 1-10,

                    Defendants.

Case No.:

Underlying Litigation:
Case No.: 1:16-cv-00057 (PAE)
United States District Court
Southern District of New York

Hearing Date: TBD
Hearing Time: TBD
Location: TBD

**NOTICE OF MOTION AND MOTION TO
TRANSFER OR COMPEL THE
DISCOVERY RESPONSES OF
MALWAREBYTES, INC., AND
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT**

NOTICE OF MOTION

TO ALL PARTIES, NONPARTY MALWAREBYTES, AND THEIR COUNSEL OF RECORD:

    PLEASE TAKE NOTICE that on _____, _____ at _____, or as

soon thereafter as the matter may be heard by _____

in _____, ___ Floor of the United States District Court

for the Northern District of California, _____ Division, located

at _____ _____, Plaintiff Enigma Software Group USA,

LLC ("ESG") hereby moves this Court pursuant to Fed. R. Civ. P. 45

and N.D. Cal. Civ. R. 37 for an order:

    (1) Transferring this Motion to the United States District

1

PLAINTIFF'S MOTION TO TRANSFER OR COMPEL DISCOVERY RESPONSES OF
MALWAREBYTES INC.

1  Court for the Southern District of New York, where the underlying

2  action is pending; or,

3      (2) Overruling nonparty Malwarebytes Inc.'s, formerly known as

4  Malwarebytes Corporation ("Malwarebytes"), objections to ESG's

5  Requests for Production Nos. 1-14 in the Subpoena to Produce

6  Documents, Information, or Objects in a Civil Action, dated

7  September 7, 2016 (the "Subpoena," attached as Ex. 1) and

8  compelling Malwarebytes within seven days to produce all non-

9  privileged documents responsive to the Subpoena and a privilege log

10  of any documents Malwarebytes withholds from production.

11      As explained more fully below in ESG's supporting brief, ESG's

12  Subpoena seeks documents from Malwarebytes that are relevant to

13  ESG's liability and damages claims against Bleeping Computer LLC

14  ("Bleeping") in the underlying action in the United States District

15  Court for the Southern District of New York (No. 1:16-cv-00057

16  (PAE)).  See Ex. 2.  In that action, ESG asserts, among other

17  things, that Bleeping has wrongfully disparaged and made false and

18  misleading statements about ESG and its products to promote and

19  makes sales of Malwarebytes' competing product for which Bleeping

20  earns commissions. As the Court in the underlying action found in

21  denying Bleeping's Motion to Dismiss the complaint, "[b]y promoting

22  Bleeping's Affiliate products [which include Malwarebytes'

23  products] as superior to [ESG's product], these posts unmistakably

24  constitute advertisements for the Affiliate products."  See Ex. 3

25  at 43.

26      ESG makes this Motion because, even though ESG served the

27  Subpoena on September 7 and provided Malwarebytes with a reasonable

28  thirty-five days to produce the documents sought in the Subpoena,

PLAINTIFF'S MOTION TO TRANSFER OR COMPEL DISCOVERY RESPONSES OF
MALWAREBYTES INC.

Malwarebytes failed to serve any objections within fourteen days of service as required by Rule 45(d)(2)(B).  Then, just one day before the compliance date, Malwarebytes served blanket boilerplate objections to every request and refused to even search for, let alone produce, non-privileged documents responsive to ESG's requests for production. *See* Ex. 4.

Pursuant to Fed. R. Civ. P. 37(a)(1) and N.D. Cal. Civ. R. 37-1(a), ESG certifies that on October 26, 2016 it conferred with counsel for Malwarebytes in good faith in an effort to resolve this dispute before filing this Motion. Malwarebytes has categorically refused to search for and produce responsive documents beyond the single document it has provided to date. The parties are at an impasse such that ESG has no choice but to file this Motion.

The Motion is based on this Notice of Motion, the below Memorandum of Points and Law in Support of Motion, and the Declaration and Exhibits 1-8 submitted herewith, as well as any further materials, evidence, or arguments to be presented either at or before a hearing on this Motion, and any other materials or evidence the Court deems proper.

Dated: November 15, 2016          Respectfully submitted by,

Geoffrey M. Davis (CA Bar No. 214692)
geoff.davis@klgates.com
K&L GATES LLP

Attorney for Plaintiff

PLAINTIFF'S MOTION TO TRANSFER OR COMPEL DISCOVERY RESPONSES OF MALWAREBYTES INC.

# TABLE OF CONTENTS

Page

I.    PLAINTIFF'S MOTION TO TRANSFER OR COMPEL DISCOVERY
      RESPONSES OF MALWAREBYTES INC.............................1

II.   STATEMENT OF RELEVANT FACTS..............................1

III.  STATEMENT OF ISSUES TO BE DECIDED........................5

IV.   THE COURT SHOULD TRANSFER THIS MOTION TO THE SOUTHERN
      DISTRICT OF NEW YORK.....................................6

      A.    Legal Standard.....................................6

      B.    Exceptional Circumstances Exist....................6

V.    ARGUMENTS IN SUPPORT OF THE MOTION TO COMPEL.............8

      A.    Malwarebytes Waived All Objections.................8

      B.    Malwarebytes Cannot Rely On Boilerplate Objections.....9

      C.    Malwarebytes' Obligations as a Nonparty...........10

      D.    Individual Discovery Requests.....................12

            1.    Requests for communications between
                  Malwarebytes, Bleeping and/or Quietman7
                  regarding ESG...............................12

            2.    Requests for any agreements between
                  Malwarebytes, Bleeping and/or Quietman7 and
                  communications regarding the same...........16

            3.    Requests for information about Malwarebytes'
                  Affiliate Program...........................17

            4.    Requests for information about promotion of
                  Malwarebytes' products on Bleeping's website and
                  forums......................................20

VI.   CONCLUSION..............................................22

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Hartford Cas. Ins. Co. v. Fireman's Fund Ins. Co.*, No.
15-cv-02592-SI, 2016 U.S. Dist. LEXIS 64308 (N.D. Cal.
May 13, 2016) ................................................. 9

*Libertarian Party of Ohio v. Husted*, No. 2:13-CV-953,
2014 WL 3928293 (S.D. Ohio Aug. 12, 2014) .................... 14

*Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276
(N.D. Cal. 2015) ............................................. 9

*Mead Corp. v. Riverwood Natural Res. Corp.*, 145 F.R.D.
512 (D. Minn. 1992) ......................................... 10

*Micillo v. Liddle & Robinson LLP*, No. 15-CV-6141 (JMF),
2016 WL 2997507 (S.D.N.Y. May 23, 2016) ....................... 4

*MicroUnity Sys. Engr., Inc. v. Apple, Inc.*, 13-MC-80020
LHK PSG, 2013 WL 2384261 (N.D. Cal. May 30, 2013) ............ 10

*Moon Mountain Farms, LLC v. Rural Community Ins. Co.*, 301
F.R.D. 426 (N.D. Cal. 2014) ................................. 6, 7

*Rich v. Kirkland*, No. CV 11-4272-JLS, 2015 WL 7185390
(C.D. Cal. Nov. 13, 2015) ..................................... 9

*Richmark Corp. v. Timber Falling Consultants*, 959 F.2d
1468 (9th Cir. 1992) ......................................... 9

*In re Subpoena to Apple Inc.*, 3:13-CV-254-MOC-DSC, 2014
WL 2798863 (N.D. Cal. June 19, 2014) ..................... 10, 11

*In re Subpoena to Kia Motors Am., Inc.*, No. SACV 14-315
JLS RNBX, 2014 WL 2118897, at *1 (C.D. Cal. Mar. 6,
2014) ...................................................... 6, 7

*Viacom Intern., Inc. v. YouTube, Inc.*, No. C 08-80129 SI,
2008 WL 3876142 (N.D. Cal. Aug. 18, 2008) ..................... 11

*Visto Corp. v. Smartner Info. Sys., Ltd.*,06-80339, 2007
WL 218771, at *3 (N.D. Cal. Jan. 29, 2007) .................... 11

ii

PLAINTIFF'S MOTION TO TRANSFER OR COMPEL DISCOVERY RESPONSES OF
MALWAREBYTES INC.

Other Authorities

Fed. R. Civ. P. 26 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 15

Fed. R. Civ. P. 45 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 6, 8, 9, 11

iii

PLAINTIFF'S MOTION TO TRANSFER OR COMPEL DISCOVERY RESPONSES OF
MALWAREBYTES INC.

I.   **PLAINTIFF'S MOTION TO TRANSFER OR COMPEL DISCOVERY RESPONSES OF MALWAREBYTES INC.**

Pursuant to Rules 45(f) and 45(d)(2)(B)(i) of the Federal Rules of Civil Procedure, Plaintiff Enigma Software Group USA, LLC ("ESG"), by and through its undersigned counsel, moves for the entry of an order transferring this Motion to Judge Paul Engelmayer of the United States District Court for the Southern District of New York, who presides over the underlying action or, alternatively, for an order overruling Malwarebytes Inc.'s, formerly known as Malwarebytes Corporation ("Malwarebytes"), objections to ESG's Requests for Production Nos. 1-14 (the "Requests") attached to a subpoena dated September 7, 2016 and compelling Malwarebytes to produce within seven days all non-privileged documents responsive to the Requests and to produce a privilege log of any documents Malwarebytes withholds from production.

II.   **STATEMENT OF RELEVANT FACTS**

ESG develops and markets computer security products, including its flagship anti-malware program, SpyHunter. *See* Ex. 2 at ¶¶ 21-24.  On January 5, 2016, ESG filed an action in the United States District Court for the Southern District of New York against Bleeping Computer LLC ("Bleeping") arising out of Bleeping's malicious publication and use in commerce of false, misleading, disparaging and defamatory statements about ESG and its Spyhunter product.  *See* Case No. 1:16-cv-00057 (PAE) (S.D.N.Y.) (the "Underlying Litigation").

Bleeping operates a website and online forum that purports to provide technical support and expert advice to novice computer

1

users including with respect to "anti-malware" software which protects users from malicious computer programs and other security threats. Ex. 2 at ¶¶ 2-6, 32-34. As alleged in ESG's Complaint, Bleeping, through its agent, Quietman7, engaged in a campaign to disparage ESG and SpyHunter and to promote and recommend to novice users that they uninstall SpyHunter and instead use competing products including Malwarebytes' competing anti-malware software. *See id.* at ¶¶ 78-95. Bleeping is an "affiliate" of Malwarebytes, such that it and Malwarebytes benefit financially when users of Bleeping's website and forums decide to purchase Malwarebytes products through links Bleeping provides to those users. *Id.* at ¶¶ 10, 12, 42. Specifically, each time a user purchases a Malwarebytes product through one of the "affiliate links" Bleeping places on its website and forums, Bleeping receives a commission payment. *Id.* at ¶¶ 35-41. In short, Bleeping acts as a "sales arm" of Malwarebytes. *Id.* at ¶ 44. Bleeping has no such affiliate relationship with ESG. *Id.* at ¶ 11.

Bleeping does not deny its affiliate relationship with Malwarebytes but has attempted to downplay the relationship by arguing that the commissions it earns from Malwarebytes are merely "incidental" benefits and that its statements about SpyHunter have nothing to do with its relationship with Malwarebytes. Thus, the scope of the relationships between Bleeping, Quietman7, and Malwarebytes are squarely at issue in the Underlying Litigation.

As a result, on September 7, 2016, ESG served Malwarebytes with a Subpoena to Produce Documents, Information, or Objects in a Civil Action (the "Subpoena"). *See* Ex. 1. In the Subpoena, ESG requested that on or before October 12 -- thirty-five days after

2

1  service -- Malwarebytes produce documents relevant to the
2  Underlying Litigation including documents reflecting (1)
3  communications between Malwarebytes, Bleeping and/or Quietman7
4  regarding ESG, SpyHunter or the Litigation, which Malwarebytes or
5  its CEO have funded in part (Request Nos. 1-2, 10-14); (2) any
6  agreements between Malwarebytes, Bleeping and/or Quietman7 and
7  communications regarding the same (Request Nos. 3-4); (3)
8  information about Malwarebytes' Affiliate Program, including
9  payments to Bleeping (Request Nos. 5, 8-9); and (4) promotion of
10 Malwarebytes' products on Bleeping's website and forums (Request
11 Nos. 6-7).

12       Pursuant to Rule 45(d)(2), Malwarebytes had fourteen days to
13 provide "a written objection to inspecting [or] copying . . . any
14 or all of the materials" sought by the Subpoena.  Malwarebytes,
15 however, did not serve ESG with any objections until October 11,
16 2016, *thirty-four* days after service. *See* Ex. 4. During those
17 thirty-four days, neither Malwarebytes nor its lawyers contacted
18 counsel for ESG to request additional time to object or even to
19 indicate that Malwarebytes was going to object.  Accordingly, ESG
20 properly expected that Malwarebytes would produce documents in
21 response to the Subpoena.  On the contrary, Malwarebytes produced
22 only a single document in response and has admitted that it did not
23 even search for any other responsive documents.

24       Although Malwarebytes waived all objections by ignoring the
25 time restrictions expressly set forth in Rule 45, ESG's counsel
26 nonetheless tried to work with Malwarebytes to resolve any
27 legitimate concerns Malwarebytes had about the scope of the
28 Subpoena. To that end, counsel for ESG requested a meet and confer

3

PLAINTIFF'S MOTION TO TRANSFER OR COMPEL DISCOVERY RESPONSES OF
MALWAREBYTES INC.

with Malwarebytes' counsel Fenwick & West LLP, which has offices both in the Northern District of California and the Southern District of New York. Counsel for ESG and Malwarebytes conferred via telephone conference on October 26, 2016, but were unable to resolve the disputed issues. Malwarebytes categorically has refused to search for or produce additional documents at this time and has declined to discuss potential narrowing of the requests. Indeed, contrary to its discovery obligations, Malwarebytes simply refused to take further action on the Subpoena until ESG had "exhausted" available party discovery.

On the same day that Malwarebytes confirmed to ESG that it would not comply with its obligations under the Subpoena, ESG learned Bleeping also refused to comply with its discovery obligations in the Underlying Litigation. Bleeping served objections and responses to ESG's First Set of Requests for Production in which it withheld from production documents relating to its relationship with Malwarebytes because those documents were purportedly protected (1) under a nondisclosure agreement between Bleeping and Malwarebytes (which is immaterial given the Protective Order entered in the Underlying Litigation) and (2) a common interest agreement.[1]  *See* Ex. 5.  Although Bleeping's counsel subsequently represented on November 11, 2016 that it would produce such documents if Malwarebytes permitted Bleeping to do so, to date

---

[1] Because Bleeping has asserted that a common interest agreement exists between it and Malwarebytes, it is especially important that Malwarebytes, in addition to producing non-privileged, responsive documents, also provide ESG with a privilege log to enable ESG to assess the common interest agreement claim.  *See* Rule 45(e)(2)(A); *Micillo v. Liddle & Robinson LLP*, No. 15-CV-6141 (JMF), 2016 WL 2997507, at *2 (S.D.N.Y. May 23, 2016).

PLAINTIFF'S MOTION TO TRANSFER OR COMPEL DISCOVERY RESPONSES OF MALWAREBYTES INC.

1   Bleeping has neither confirmed that Malwarebytes provided

2   permission nor produced the documents.

3      In addition to Malwarebytes' possession of information

4   relevant to the Underlying Litigation, ESG recently filed a

5   separate lawsuit against Malwarebytes in the Southern District of

6   New York.  *See* Case No. 1:16-cv-7885 (S.D.N.Y.).  In that lawsuit,

7   ESG brings claims of unfair competition and tortious interference

8   as a result of Malwarebytes' bad faith redesign of its software to

9   improperly designate ESG's products as "Potentially Unwanted

10   Programs," which means that Malwarebytes is now falsely

11   representing to the consuming public that ESG's products are a

12   "threat" and that the consuming public's security will be

13   compromised if they download those products or if the consumer does

14   not remove the products when they already are downloaded on a

15   consumer's computer.  *See* Ex. 6.  Malwarebytes implemented this

16   redesign just a week before its deadline for compliance with the

17   Subpoena to harm ESG's business and as a transparent attempt to

18   gain an unfair advantage for its affiliate Bleeping in the

19   Underlying Litigation.  The separate litigation against

20   Malwarebytes has been accepted by the Court as "related" to the

21   Underlying Litigation and assigned to the same judge.

22   **III. STATEMENT OF ISSUES TO BE DECIDED**

23      First, should this Court transfer this Motion to the issuing

24   court in the Southern District of New York? Second, having been

25   served with a valid subpoena, is Malwarebytes required to conduct a

26   reasonable search of sources of which it has possession, custody or

27   control, and to produce non-privileged responsive documents?

28

PLAINTIFF'S MOTION TO TRANSFER OR COMPEL DISCOVERY RESPONSES OF
MALWAREBYTES INC.

## IV. THE COURT SHOULD TRANSFER THIS MOTION TO THE SOUTHERN DISTRICT OF NEW YORK

### A. Legal Standard

Rule 45(f) of the Federal Rules of Civil Procedure provides that "the court where compliance [with a subpoena] is required" "may transfer a motion [to compel compliance] to the issuing court" "if the court finds exceptional circumstances."[2]

Courts have interpreted the meaning of "exceptional circumstances" broadly and determine whether "exceptional circumstances" exist by analyzing, among other things, the burden on local non-parties, whether the issuing court is in a superior position to resolve the motions because of increased familiarity with the issues, and the potential for inconsistent rulings or other disruption of the issuing court's management of the underlying litigation. *See, e.g., In re Subpoena to Kia Motors Am., Inc.*, No. SACV 14-315 JLS RNBX, 2014 WL 2118897, at *1 (C.D. Cal. Mar. 6, 2014); *Moon Mountain Farms, LLC v. Rural Community Ins. Co.*, 301 F.R.D. 426 (N.D. Cal. 2014).

### B. Exceptional Circumstances Exist

Exceptional circumstances exist here and ESG's Motion should be transferred to the Southern District of New York for the following three reasons.

*First*, transfer will result in little, if any, burden to Malwarebytes. Malwarebytes is already a party to another action in the Southern District of New York with the same judge that is

---

[2] The Rule alternatively allows for transfer if the subpoenaed entity consents. ESG requested Malwarebytes' consent to file this Motion in the Southern District of New York but Malwarebytes refused.

PLAINTIFF'S MOTION TO TRANSFER OR COMPEL DISCOVERY RESPONSES OF
MALWAREBYTES INC.

1   presiding over the Underlying Litigation.  Additionally, Fenwick &

2   West, who Malwarebytes retained to represent it in connection with

3   the Subpoena, is a national law firm with over three hundred

4   lawyers and an office in New York.  Moreover, Malwarebytes is a

5   national corporation (that received a recent investment of $50

6   million).  As a result, Malwarebytes will experience little to no

7   extra cost or burden if the Motion is heard in the Southern

8   District of New York.  *See In re Subpoena to Kia Motors*, 2014 WL

9   2118897 at *1 (finding that a national corporation with counsel in

10  the issuing jurisdiction was unlikely to be burdened by the

11  location of the subpoena related motions).

12      ***Second,*** transfer will result in substantial gains in judicial

13  economy.  If transferred, the case will be before Judge Engelmayer

14  who has presided over the Underlying Litigation for over 10 months.

15  Having already heard argument and issued a detailed 50-page

16  decision on a motion to dismiss, *see* Ex. 3, Judge Engelmayer is

17  well acquainted with the facts and what issues are relevant to

18  discovery.  *See Moon Mountain Farms*, 301 F.R.D. 426 ("[A]ny costs

19  to [a nonparty] imposed by a transfer … are outweighed by the

20  importance of consistent management of the underlying litigation

21  and judicial economy.")

22      ***Finally***, if the Motion is not transferred, inconsistent

23  rulings and disruption to Judge Engelmayer's management of the

24  Underlying Litigation may result. Malwarebytes is refusing to

25  produce documents because it claims the Requests are duplicative of

26  requests to Bleeping. *See* Ex. 4. Bleeping, however, has not yet

27  produced information related to its relationship with Malwarebytes,

28  and initially objected to doing so based on non-disclosure and

7

1  common interest agreements with Malwarebytes. *See* Ex. 5. If

2  different courts decide what Malwarebytes and Bleeping are required

3  to produce, ESG may be unfairly left without recourse. Thus, Judge

4  Engelmayer is uniquely positioned to ensure consistency and

5  efficiency in ruling on the validity of Malwarebytes' refusal to

6  provide any documents about the relationship and the adequacy of

7  Bleeping's production if it does produce documents.

8  **V.   ARGUMENTS IN SUPPORT OF THE MOTION TO COMPEL**

9      In the event that this Court declines to transfer this Motion,

10  it should overrule Malwarebytes' objections to the Subpoena and

11  compel Malwarebytes to search for and produce documents responsive

12  to the Subpoena. Because Malwarebytes repeats several boilerplate

13  objections to almost every Request, ESG, in the interest of

14  efficiency, will address Malwarebytes' broad objections first and

15  then turn to any remaining objections as they apply to categories

16  of Requests.

17      A.   Malwarebytes Waived All Objections

18      Malwarebytes waived any objections it has to the Subpoena by

19  failing to timely respond or request an extension. A nonparty's

20  objections to a subpoena "***must*** be served before ***the earlier of*** the

21  time specified for compliance or 14 days after the subpoena is

22  served." Fed. R. Civ. P. 45(d)(2)(B) (emphasis added). ESG served

23  the Subpoena on Malwarebytes on September 7, 2016 with a compliance

24  date of October 12. *See* Ex. 1. Thus, to comply with Rule 45(d),

25  Malwarebytes had to serve objections by September 21, 2016.

26  Malwarebytes chose to ignore Rule 45 and provide objections on

27  October 11, nearly three weeks after that deadline. Malwarebytes

28  and its counsel also made no attempt to request an extension or

8

1   other accommodation. "A nonparty's failure to timely make

2   objections to a Rule 45 subpoena . . . generally requires the court

3   to find that any objections have been waived." *Rich v. Kirkland*,

4   No. CV 11-4272-JLS (SPx), 2015 WL 7185390, at *3 (C.D. Cal. Nov.

5   13, 2015) (quoting *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636

6   (C.D. Cal. 2005)); *see also Richmark Corp. v. Timber Falling

7   Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well

8   established that a failure to object to discovery requests within

9   the time required constitutes a waiver of any objection.").[3]

10      B.   <u>Malwarebytes Cannot Rely On Boilerplate Objections</u>

11      Malwarebytes also cannot rely on its conclusory boilerplate

12   objections that lack any specific facts as a basis to withhold

13   documents. *See Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D.

14   276, 281 (N.D. Cal. 2015) ("It is well established that all grounds

15   for objections to [discovery] must be stated with specificity [in

16   the initial response] or the objection is waived[.]" (citations and

17   quotations omitted)). Where Malwarebytes objected that ESG's

18   requests were "overly broad" or "unduly burdensome," Malwarebytes

19   failed to meet its "heavy burden" to show why discovery should be

20   denied. *Hartford Cas. Ins. Co. v. Fireman's Fund Ins. Co.*, No. 15-

21   cv-02592-SI, 2016 U.S. Dist. LEXIS 64308, at *4 (N.D. Cal. May 13,

22   _____

[3] Malwarebytes' untimely objections and refusal to search for or
23   produce documents is particularly egregious because of the burden
     it has placed on ESG and the Court presiding over the Underlying
24   Litigation. At the time ESG served the Subpoena and Malwarebytes
     served its boilerplate objections, fact discovery, including all
25   depositions of fact witnesses, was scheduled to finish on December
     15th, 2016 pursuant to the Court's Scheduling Order. Because of
26   Malwarebytes' non-compliance with the subpoena and ESG's need to
     depose Malwarebytes only after receiving responsive documents,
27   among other reasons, ESG moved for an extension of the fact
     discovery period to January 31, 2017. The Court has now granted
28   that request, which required it to reset subsequent deadlines set
     in its Scheduling Order.

9

2016) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). In fact, Malwarebytes cannot even know how burdensome responding to the Requests would be, let alone provide specific facts to support its claim, because it did not perform even a preliminary search for responsive documents. *See Mead Corp. v. Riverwood Natural Res. Corp.*, 145 F.R.D. 512, 515 (D. Minn. 1992) ("Courts have consistently held that an objection to a discovery request cannot be merely conclusory, and that intoning the 'overly broad and burdensome' litany, without more, does not express a valid objection. . . . [T]he written objection must allege facts which demonstrate the extent and nature of the burden imposed by preparation of a proper response."). Moreover, Malwarebytes baselessly objects that the requests are overly broad as to time when ESG expressly limited them to January 1, 2013 to the present, the relevant time frame during which Bleeping made the false and misleading posts at issue in the Underlying Litigation.

    C.   <u>Malwarebytes' Obligations as a Nonparty</u>

    Malwarebytes also improperly objects to the Subpoena on the grounds that ESG is obligated to make third party discovery narrower than party discovery and to exhaust such party discovery before seeking documents from a third party. Malwarebytes is wrong on both counts. ESG is not limited to a narrower scope of discovery simply because Malwarebytes is a nonparty. *See In re Subpoena to Apple Inc.*, 3:13-CV-254-MOC-DSC, 2014 WL 2798863, at *2 (N.D. Cal. June 19, 2014) ("It is well settled that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b)."); *see also MicroUnity Sys. Engr., Inc. v. Apple, Inc.*, 13-MC-80020 LHK PSG, 2013 WL 2384261, at *2 (N.D. Cal. May

1    30, 2013). Moreover, the fact that information held by a party

2    might overlap with information requested from a nonparty is not a

3    sufficient reason to deny discovery from a nonparty. *Viacom*

4    *Intern., Inc. v. YouTube, Inc.*, No. C 08-80129 SI, 2008 WL 3876142,

5    at *3 (N.D. Cal. Aug. 18, 2008); *Visto Corp. v. Smartner Info.*

6    *Sys., Ltd.*, 06-80339 MISC RMW, 2007 WL 218771, at *3 (N.D. Cal.

7    Jan. 29, 2007).

8         On the contrary, a motion to compel should be denied *only* if

9    the nonparty establishes it is actually a less convenient source

10   than the party, *see Apple*, 2014 WL 2798863 at *2, or if it is

11   necessary to protect a nonparty from "significant expense." Fed. R.

12   Civ. P. 45(d)(2)(B)(ii). Malwarebytes cannot meet either

13   requirement. First, Malwarebytes' conclusory statements that the

14   information requested is equally available from Bleeping do not

15   show that Bleeping would be a "more convenient," "less burdensome,"

16   or "less expensive" source. Nor do they provide any facts showing

17   that it would be inconvenient, burdensome, or expensive for

18   Malwarebytes to produce the requested information. Indeed,

19   Malwarebytes did not even conduct preliminary searches to determine

20   how burdensome responding to the Subpoena might be.

21        Second, Malwarebytes' conclusory assertion that the

22   information requested is "equally available" from another source is

23   incorrect. As discussed in more detail below, many of these

24   requests necessarily include information solely in Malwarebytes'

25   possession including, for example, internal communications about

26   its relationship with Bleeping. Additionally, Bleeping has not yet

27   produced documents in the Underlying Litigation pertaining to its

28   relationship with Malwarebytes because it is awaiting Malwarebytes'

approval to do so pursuant to a purported confidentiality agreement. Notably, Malwarebytes can produce its own confidential information under the confidentiality protections of Protective Order that the Court entered in the Underlying Litigation.

### D.   Individual Discovery Requests[4]

#### 1.   Requests for communications between Malwarebytes, Bleeping and/or Quietman7 regarding ESG

The following Requests seek communications between Malwarebytes and Quietman7 regarding ESG and related topics:

- **REQUEST NO. 1:** All communications or documents reflecting communications with Bleeping concerning ESG or SpyHunter.
- **REQUEST NO. 2:** All communications or documents reflecting communications with Quietman7 concerning ESG or SpyHunter.
- **REQUEST NO. 10:** All communications or documents reflecting communications between Marcin Kleczynski and Lawrence Abrams regarding Enigma, SpyHunter, Bleeping's advertising, promotion, or sale of Malwarebytes' products, and/or the Litigation.
- **REQUEST NO. 11:** All communications or documents reflecting communications between Marcin Kleczynski and Quietman7 regarding Enigma, SpyHunter, Bleeping's advertising, promotion, or sale of Malwarebytes' products, and/or the Litigation.
- **REQUEST NO. 12:** Documents sufficient to show each contribution from Malwarebytes, Marcin Kleczynski, or any other Malwarebytes executive to Bleeping's defense fund for this Litigation, including its amount.
- **REQUEST NO. 13:** All communications or documents reflecting communications between Malwarebytes, Marcin Kleczynski, or any other Malwarebytes executive and Bleeping regarding this Litigation or contribution to Bleeping's defense fund.
- **REQUEST NO. 14:** All documents concerning the Litigation, including communications with third parties regarding the Litigation.

Malwarebytes has objected to all or some of those Requests with the following boilerplate objections:

---

[4] Malwarebytes' full response to the Subpoena is attached as Exhibit 4.

12

- Malwarebytes objects to this Request as overly broad, not relevant to a party's claim or defense, and not proportional to the needs of the case to the extent it seeks "[a]ll" such documents from January 1, 2013 to the present.
- Malwarebytes objects to this Request as unduly burdensome on the grounds that it seeks to require Malwarebytes to conduct a search for documents that are not relevant to any claim or defense in this matter and are not proportional to the needs of the case.
- Malwarebytes' communications concerning "Bleeping's advertising, promotion, or sale of Malwarebytes' products," without limitation to those concerning Enigma or SpyHunter, are not relevant to a party's claim or defense in this matter, and are not proportional to the needs of the case.
- Malwarebytes is not a party to this case and its communications, if any, regarding this litigation are not relevant to a party's claim or defense in this matter, and are not proportional to the needs of the case.
- Malwarebytes objects to this Request as unduly burdensome, as it is a non-party to this action and the requested documents are equally available from a party to the litigation, a "more convenient," "less burdensome," or "less expensive" source.
- Malwarebytes objects to this Request to the extent it is duplicative of documents requested, or received, from parties to the litigation.
- Malwarebytes further objects that the term "Quiteman7" is vague and ambiguous.  Plaintiff did not provide any identifiers for the individual referred to as "Quiteman7," in Exhibit A to the Subpoena.  Accordingly, Malwarebytes is not able to conduct a reasonable search that is not unduly burdensome and that is proportional to the needs of the case.

## DEFICIENCIES

The Requests in this category are relevant because they go directly to (1) Bleeping's motivation for its anti-competitive campaign against ESG and (2) the nature of the relationship between Bleeping and Malwarebytes. As part of ESG's claims in the Underlying Litigation, ESG asserts that Bleeping's false and misleading posts constitute advertisements and commercial speech made for the purpose of influencing consumers to purchase

PLAINTIFF'S MOTION TO TRANSFER OR COMPEL DISCOVERY RESPONSES OF MALWAREBYTES INC.

Malwarebytes' products. ESG has alleged that Bleeping is acting not as an impartial message board (as it claims to be), but as a "sales arm" of Malwarebytes. *See* Ex. 2 at ¶ 44. ESG has further alleged that Quietman7 acts as an agent of Bleeping when he posts false and misleading statements about ESG and SpyHunter on Bleeping's forums. As a result, discussions between Malwarebytes and its CEO, Marcin Kleczynski, and Bleeping, its owner Lawrence Abrams or Quietman7 about ESG and Spyhunter are directly relevant to ESG's claims.

Likewise, contributions from Malwarebytes or its executives to Bleeping's defense fund are relevant to establishing the fact that, contrary to Bleeping's assertion, Bleeping's relationship with Malwarebytes comprises more than "simply … receiv[ing] a commission from the company," *see* Ex. 7, Doc. No. 30, at 23 n.16, and will provide further evidence regarding the motive for Bleeping's false and misleading statements. *See Libertarian Party of Ohio v. Husted*, No. 2:13-CV-953, 2014 WL 3928293, at *9 (S.D. Ohio Aug. 12, 2014) ("In almost every situation where one person pays the legal fees of another, the fact of that arrangement is fair game for disclosure and no privilege to withhold that fact exists.").

Moreover, communications about the Underlying Litigation are relevant because Malwarebytes has a direct interest in the resolution of the suit, has contributed to Bleeping's defense, and has attempted to obtain a tactical advantage for Bleeping by undertaking improper actions that are now the subject of ESG's separate lawsuit against Malwarebytes in the Southern District of

14

New York, all suggesting coordination between Malwarebytes and Bleeping.  Accordingly, ESG is entitled to determine the extent of Malwarebytes' interest and involvement in the Underlying Litigation.

These Requests also are proportional to the needs of the case and not overly burdensome because their scope is limited to communications about a discrete set of topics, and in some instances further limited to communications with or between a few individuals. Malwarebytes has failed to assert any facts to suggest compliance would be unduly burdensome.

Furthermore, the Requests are not entirely duplicative of requests propounded to Bleeping in the Underlying Litigation. Because they cover "documents reflecting communications," in addition to the communications themselves, and documents showing contributions to a defense fund that permitted donations without accompanying identifying information, they necessarily encompass internal Malwarebytes documents and information unavailable from another entity. Furthermore, the scope of discovery allows requests that are not "*unreasonably* cumulative or duplicative." Fed. R. Civ. P. 26(b)(2)(C)(i) (emphasis added). Some overlap is to be expected, and these Requests are proper absent a showing that they are somehow unreasonable, which Malwarebytes has not made.

Finally, Malwarebytes' objection that ESG has inadequately

identified Quietman7[5] despite providing a definition of the term is particularly unconvincing given that Quietman7 has been a member of the Malwarebytes forums since at least 2008, where he posts under that same name and is designated by Malwarebytes as an "Expert." See Ex. 8. Furthermore, during their meet and confer, ESG's counsel provided Malwarebytes' counsel with further identifying information, including Quietman7's full legal name, home address, and e-mail address, but Malwarebytes still refused, without any justification, to conduct a search for responsive documents.

          2.     Requests for any agreements between Malwarebytes, Bleeping and/or Quietman7 and communications regarding the same

The following Requests seek any agreements between Malwarebytes, Bleeping and/or Quietman7 and communications regarding the same:

- **REQUEST NO. 3**: All documents reflecting any oral or written agreement between Malwarebytes and Bleeping.
- **REQUEST NO. 4**: All documents reflecting any oral or written agreement between Malwarebytes and Quietman7.

Malwarebytes has objected to all or some of those Requests with the following boilerplate objections:

- Malwarebytes objects to this Request as overly broad, not relevant to a party's claim or defense, and not proportional to the needs of the case to the extent it seeks "[a]ll" such documents from January 1, 2013 to the present.
- Malwarebytes objects to this Request as unduly burdensome, as it is a non-party to this action and the requested documents are equally available from a party to the litigation, a "more convenient," "less burdensome," or "less expensive" source.
- Malwarebytes objects to this Request to the extent it is

---

[5] Malwarebytes refers to Quiteman7, rather than Quietman7, in its responses. ESG assumes this was a typographical error and will treat the responses as though they use the correct spelling.

16

1   duplicative of documents requested, or received, from parties
2   to the litigation.

- Malwarebytes objects that the term "Quiteman7" is vague and
3   ambiguous. Plaintiff did not provide any identifiers for the
    person referred to as "Quietman7," in Exhibit A to the
4   Subpoena. Accordingly, Malwarebytes is not able to conduct a
    reasonable search that is not unduly burdensome and that is
5   proportional to the needs of the case.

6   **DEFICIENCIES**

7       Agreements between Bleeping or its agent Quietman7 and

8   Malwarebytes are relevant to the Underlying Litigation because they

9   show the nature and extent of the relationship between Malwarebytes

10  and Bleeping and will provide evidence of whether Bleeping has a

11  commercial incentive to make false and misleading statements about

12  ESG and its products.  ESG now knows, for instance, that there is a

13  confidentiality agreement and possibly a common interest agreement

14  between Malwarebytes and Bleeping. ESG is entitled to know what

15  communications are in Malwarebytes' possession about such

16  agreements.

17      Additionally, these requests are limited in scope, requesting

18  only Malwarebytes' agreements with two entities and related

19  communications. These Requests also are not unreasonably

20  duplicative because Malwarebytes may have internal documents

21  "reflecting" such agreements that are unavailable from other

22  sources.  Finally, Malwarebytes' objection that the term

23  "Quietman7" is vague or ambiguous is untenable for the reasons

24  explained in connection with Category No. 1.

25          3.   Requests for information about Malwarebytes'
                 Affiliate Program
26
    The following Requests seek information about Malwarebytes'
27
    Affiliate Program, including payments to Bleeping:
28

                                    17

- **REQUEST NO. 5**: All documents reflecting Malwarebytes'
  policies, procedures and practices to which Bleeping is
  subject as a Malwarebytes Affiliate.
- **REQUEST NO. 8**: All documents concerning compensation in any
  form whatsoever, whether monetary or in-kind, that
  Malwarebytes provides to Bleeping, Quietman7, and/or any other
  member of Bleeping's Staff.
- **REQUEST NO. 9**: Documents sufficient to show all payments made
  by Malwarebytes to Bleeping from January 1, 2013 to the
  present, itemized by date paid and purpose of the payment.

Malwarebytes has objected to all or some of those Requests
with the following boilerplate objections:

- Malwarebytes objects to this Request as overly broad, not
  relevant to a party's claim or defense, and not proportional
  to the needs of the case to the extent it seeks "[a]ll" such
  documents from January 1, 2013 to the present.
- Malwarebytes objects to this Request as overly broad, not
  relevant to a party's claim or defense, and not proportional
  to the needs of the case to the extent it seeks such documents
  that pre-date the conduct alleged in the Second Amended
  Complaint.
- Malwarebytes objects to this Request as unduly burdensome, as
  it is a non-party to this action and the requested documents
  are equally available from a party to the litigation, a "more
  convenient," "less burdensome," or "less expensive" source.
- Malwarebytes objects to this Request to the extent it is
  duplicative of documents requested, or received, from parties
  to the litigation or other non-parties.
- Malwarebytes objects that the term "Malwarebytes Affiliate" is
  vague and ambiguous.  Malwarebytes will interpret the term to
  mean a domain owner that is authorized by Malwarebytes to link
  to Malwarebytes' products on its website.
- Malwarebytes objects that the terms "Quiteman7" and "member of
  Bleeping's Staff" are vague and ambiguous.  More specifically,
  Plaintiff did not provide any identifiers for the person
  referred to as "Quiteman7" or the persons referred to as
  "Staff" in Exhibit A to the Subpoena.  Accordingly,
  Malwarebytes is not able to conduct a reasonable search that
  is not unduly burdensome and that is proportional to the needs
  of the case.

## DEFICIENCIES

As stated in connection with Categories Nos. 1-2, the nature
of the relationship between Bleeping and Malwarebytes is directly

18

1   relevant to the Underlying Litigation. As a result, the policies,

2   procedures and practices that Bleeping is subject to as a

3   Malwarebytes Affiliate and the compensation it receives for its

4   participation as a Malwarebytes Affiliate are relevant to the scope

5   and extent of that relationship.  Additionally, the Requests are

6   relevant to Bleeping's commercial incentive to post false and

7   misleading statements about ESG and its products, the commercial

8   nature of Bleeping's defamatory speech, and the potential harm

9   suffered by ESG as a result of Bleeping's conduct (such as

10  Bleeping's unjust enrichment).

11      Moreover, these requests are limited in scope and timing

12  because they ask for documentation regarding one specific program

13  run by Malwarebytes for a discrete time period.  Additionally, the

14  requests are not unreasonably duplicative because Malwarebytes is

15  in exclusive possession of internal responsive documents.

16      Finally, Malwarebytes' objections to ESG's terms are

17  indefensible.  The term "Malwarebytes Affiliate" is not ambiguous.

18  Malwarebytes was defined in the Subpoena and Malwarebytes itself

19  uses the term "affiliate" in its normal course of business.[6]

20  Likewise, Malwarebytes' objection to the term "member of Bleeping's

21  Staff" as vague and ambiguous is unfounded in light of ESG's

22  definition of "Staff," which not only identified specific user

23  groups on Bleeping's website, forums, and/or message boards but

24

25  [6] *See Malwarebytes Affiliate sign up*, MALWAREBYTES,
    https://signup.cj.com/member/signup/publisher.cj?cid=3743656; *see*
26  *also Corporate Partnerships*, MALWAREBYTES,
    https://www.malwarebytes.com/affiliates/. ESG does not object to
27  Malwarebytes' proposed interpretation of "Malwarebytes Affiliate"
    to the extent that it is consistent with the way Malwarebytes uses
28  the term in its normal course of its business.

also referred to Bleeping's own statements defining the term.[7] In addition, the assertion that the term "Quietman7" is vague or ambiguous is untenable for the reasons explained in connection with Category No. 1.

    4. Requests for information about promotion of Malwarebytes' products on Bleeping's website and forums

  The following Requests seek information about promotion of Malwarebytes' products on Bleeping's website and forums:

- **REQUEST NO. 6**: All communications or documents reflecting communications between Malwarebytes and Bleeping concerning Bleeping's advertising, promotion, or sale of Malwarebytes' products, including Bleeping's use or placement of Affiliate Links or its participation as an Affiliate of Malwarebytes.
- **REQUEST NO. 7**: All communications or documents reflecting communications between Malwarebytes and Bleeping, Quietman7, and/or any other member of Bleeping's Staff concerning the content of postings by Bleeping, Quietman7 and/or any other member of Bleeping's Staff on Bleeping's website, forums and/or message boards.

  Malwarebytes has objected to all or some of those Requests with the following boilerplate objections:

- Malwarebytes objects to this Request as overly broad, not relevant to a party's claim or defense, and not proportional to the needs of the case to the extent it seeks "[a]ll" such documents from January 1, 2013 to the present, without limitation to documents and communications concerning Enigma or SpyHunter.
- Malwarebytes objects to this Request as unduly burdensome, as it is a non-party to this action and the requested documents are equally available from a party to the litigation, a "more convenient," "less burdensome," or "less expensive" source.
- Malwarebytes objects to this Request to the extent it is duplicative of documents requested, or received, from parties to the litigation.
- Malwarebytes further objects that the terms "Quiteman7" and

---

[7] To the extent that this is a good-faith objection, ESG is willing to work with Malwarebytes to further define the term. Malwarebytes, however, has been unwilling to cooperate to address its objections.

"member of Bleeping's Staff" are vague and ambiguous. Plaintiff did not provide any identifiers for the person referred to as "Quiteman7" or the persons referred to as "Staff" in Exhibit A to the Subpoena.  Accordingly, Malwarebytes is not able to conduct a reasonable search that is not unduly burdensome and that is proportional to the needs of the case.

## DEFICIENCIES

Communications regarding Bleeping's commercial advertising and promotion efforts on behalf of Malwarebytes are relevant to ESG's claims that Bleeping and Malwarebytes have a common interest in disparaging ESG and its SpyHunter product for their common commercial benefit. *See* Ex. 3 at 42-44.  By extension, communications between Malwarebytes and Bleeping, Quietman7, or other members of Bleeping's Staff about their posts on Bleeping's websites, forums and/or message boards are directly relevant to establishing whether and to what extent Malwarebytes controls the content of Bleeping's message boards and Malwarebytes and Bleeping are acting pursuant to a common interest.

Moreover, these Requests are limited in scope to communications between Malwarebytes and two entities regarding a specific and narrow set of topics and they are not unreasonably duplicative because Malwarebytes may have internal documents "reflecting" such communications that are unavailable from other sources.  That said, although Malwarebytes has refused to engage in a discussion of how to narrow the scope of ESG's Requests to lessen Malwarebytes' purported burden, ESG is willing to further limit the scope of Requests Nos. 6-7 to communications regarding ESG or SpyHunter to the extent that Malwarebytes has objected in good faith that a broader scope is overly broad and unduly burdensome.

21

Finally, Malwarebytes' assertion that the terms "Quietman7" and "member of Bleeping Staff" are vague or ambiguous is unsupportable for the reasons explained in connection with Categories Nos. 1 and 3.

## VI.   CONCLUSION

For the foregoing reasons, this Court should grant ESG's motion to transfer or, alternatively, enter an order to compel discovery.


Dated: November 15, 2016           Respectfully submitted by,


                                   Geoffrey M. Davis (CA Bar No. 214692)
                                   geoff.davis@klgates.com
                                   K&L GATES LLP

                                   Attorney for Plaintiff

---

PLAINTIFF'S MOTION TO TRANSFER OR COMPEL DISCOVERY RESPONSES OF MALWAREBYTES INC.